# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION AT CINCINNATI

GREG JACKSON,

                      Petitioner,     :       Case No. 1:26-cv-00140

  - vs -                              District Judge Matthew W. McFarland
                                      Magistrate Judge Michael R. Merz

WARDEN,
 Warren Correctional Institution,

                                     :
              Respondent.

---

## REPORT AND RECOMMENDATIONS

---

This habeas corpus case, brought by Petitioner Greg Jackson with the assistance of counsel, is ripe for a recommendation by the assigned Magistrate Judge. The case is pending on the Petition (ECF No. 1), the State Court Record (ECF No. 5), the Return of Writ (ECF No. 6), and Petitioner's Traverse (ECF No. 7). The Magistrate Judge reference in the case was recently transferred to help balance the Magistrate Judge workload in the District (ECF No. 8).

**Litigation History**

On July 31, 1990, the Allen County Grand Jury handed down an indictment charging Petitioner with one count of murder, in violation of Ohio Revised Code § 2903.02(A), with a firearm specification, and one count of attempted murder, in violation of Ohio Revised Code § 2903.02(A), also with a firearm specification (Indictment, State Court Record, ECF No. 5, Ex. 1).

1

On October 11, 1990, Petitioner pleaded guilty to murder in return for dismissal of the other count and both specifications; he was sentenced to fifteen years to life imprisonment.  *Id.* at Ex. 2.  On August 25, 2010, Petitioner was paroled. *Id.* at Ex. 3.  However, in August, 2011, he was arrested on felony charges, his parole was revoked, and he was returned to prison to continue serving his Allen County sentence.  As a result of the arrest, in September, 2011, Petitioner was indicted for two counts of having weapons under a disability and possession of heroin. *Id.* at Ex. 7.  He was convicted by a jury and sentenced to three years on each of the weapons charges and eight years on the drug charge, all to be served concurrently (Judgment Entry, State Court Record, ECF No. 5, Ex. 8).  He appealed to the Ohio Fifth District of Appeals, pleading five assignments of error (Appellant's Brief, State Court Record, ECF No. 5, Ex. 10).  The Fifth District affirmed. *Id.* at Ex. 12.  On March 27, 2013, the Ohio Supreme Court declined to exercise jurisdiction over a further appeal. *Id.* at Ex. 16.

On December 14, 2022, Petitioner filed a motion for delayed appeal of the Allen County conviction in the Third District Court of Appeals. *Id.* at Ex. 5.  The Third District denied the motion and Petitioner took no appeal to the Ohio Supreme Court. *Id.* at Ex. 6.

In January 2022, Petitioner filed a petition for writ of habeas corpus in the Ohio Third District Court of Appeals.  That court denied relief and Jackson appealed.  The Ohio Supreme Court affirmed, writing:

> {¶ 2} Jackson pleaded guilty to murder in the Allen County Court of Common Pleas in October 1990 and was sentenced to 15 years to life in prison. Jackson was released on parole in August 2010.
>
> {¶ 3} Jackson reoffended after his release. In March 2012, Jackson was convicted in the Richland County Court of Common Pleas of drug possession and having weapons while under a disability. The trial court sentenced Jackson to an aggregate term of eight years in

2

prison. Jackson alleges that by operation of law, his eight-year sentence ran concurrently with the sentence he resumed serving for his 1990 murder conviction.

{¶ 4} Before his eight-year sentence expired, Jackson filed a motion for jail-time credit in the Richland County trial court. Jackson asked that the period from August 17, 2011, to his sentencing date of March 7, 2012, be credited as time served on his sentence. The court denied Jackson credit for the requested period, finding that he was entitled to only three days of jail-time credit, for August 17 through August 19, 2011. The court reasoned that from August 19, 2011, to March 7, 2012, Jackson was serving time solely on his sentence for murder, following the revocation of his parole, and therefore that time could not be credited toward his later sentence.

{¶ 5} Jackson's eight-year sentence for the Richland County convictions expired in March 2020. As to the sentence for his murder conviction, the parole board denied Jackson release from prison.

{¶ 6} Jackson filed a petition for a writ of habeas corpus in the Third District Court of Appeals in January 2022. He sought immediate release from prison, arguing that his sentences have expired. Watson filed a motion for summary judgment in the court of appeals, which Jackson opposed. The court of appeals granted Watson's motion and denied the writ. Jackson appealed to this court as of right.

{¶ 7} Generally, a writ of habeas corpus is available only when the petitioner's maximum sentence has expired and he is being held unlawfully, *Leyman v. Bradshaw*, 146 Ohio St.3d 522, 2016-Ohio-1093, 59 N.E.3d 1236, ¶ 8, or when the sentencing court patently and unambiguously lacked subject-matter jurisdiction, *Stever v. Wainwright*, 160 Ohio St.3d 139, 2020-Ohio-1452, 154 N.E.3d 55, ¶ 8. Habeas corpus is not available when the petitioner has an adequate remedy in the ordinary course of law, unless the trial court's judgment is void for lack of jurisdiction. *State ex rel. Davis v. Turner*, 164 Ohio St.3d 395, 2021-Ohio-1771, 172 N.E.3d 1026, ¶ 8. This court reviews *de novo* a court of appeals' decision granting summary judgment in a habeas corpus action. *State ex rel. Shafer v. Wainwright*, 156 Ohio St.3d 559, 2019-Ohio-1828, 130 N.E.3d 268, ¶ 7.

{¶ 8} The court of appeals properly granted summary judgment. First, Jackson did not comply with R.C. 2725.04(D), which requires a habeas petitioner to attach "[a] copy of the commitment or cause of detention of such person * * * if it can be procured without

impairing the efficiency of the remedy." A petitioner's failure to include complete records of his incarcerations and releases is fatal to his habeas petition. *State ex rel. Miller v. May*, 161 Ohio St.3d 8, 2020-Ohio-3248, 160 N.E.3d 707, ¶ 8-9. As the court of appeals correctly noted in this case, Jackson failed to include any document related to the revocation of his parole in connection with the Allen County conviction. This defect alone was a valid basis to dismiss Jackson's petition.

**{¶ 9}** Even if Jackson had complied with R.C. 2725.04(D), he would not be entitled to release. Jackson contends that he is being unlawfully detained because he has fully served his sentences for both the Allen County and Richland County convictions. Even though the Allen County sentence has a maximum term of life in prison, Jackson argues that the Richland County court declared that sentence to have "expired" as of March 7, 2012, in its entry deciding Jackson's motion for jail-time credit. Specifically, Jackson points to this passage of the trial court's entry:

> The defendant was sentenced in this case on March 7, 2012, which is the same date the Allen County time expired as he would have received credit on his Allen County conviction for the period of time from August 19, 2011, through March 7, 2012. Therefore, this case could not have run concurrent to his Allen County case *as that sentence expired on March 7, 2012*, and defendant is not entitled to jail time credit on this case for those days as he received credit for them on his Allen County case.

(Emphasis added.)

**{¶ 10}** Seizing on the court's statement that his Allen County sentence "expired on March 7, 2012," Jackson argues that he has fully served his sentence. And to the extent that the Richland County court erred in declaring that the Allen County sentence had "expired," Jackson argues, the state waived the error by not appealing the entry.

**{¶ 11}** But Jackson is wrong about what the Richland County trial court decided. The court did not declare that the Allen County *sentence* had "expired"; rather, the court clarified which periods *of jail-time credit* had expired when discussing which sentence Jackson's confinement between August 19, 2011, and March 7, 2012, was properly credited to. The court stated that on March 7, 2012, the period credited to the Allen County sentence expired, at which time Jackson began serving time credited to the Richland County sentence. In full context, the trial court was

4

> explaining why the time from August 19, 2011, through March 7, 2012, was credited to the Allen County sentence and not to the Richland County sentence. Accordingly, the court of appeals correctly found that Jackson's maximum sentence has not expired.
>
> **{¶ 12}** For the foregoing reasons, Jackson is not entitled to release. The court of appeals properly denied him relief in habeas corpus.

*State, ex rel Jackson v. Watson*, 172 Ohio St.3d 380 (Feb. 14, 2023).

Petitioner was proceeding *pro se* in his initial case in the Ohio Supreme Court. Having acquired counsel, he filed a new original habeas corpus action in the Ohio Supreme Court on July 22, 2025 (Petition, State Court Record, ECF No. 5, Ex. 39). As his sole claim for relief, he asserted: "Petitoner Is Being Wrongfully Imprisoned Beyond His Stated Prison Term And Habeas Releif [sic] Is Appropriate." *Id.* at PageID 474. The Ohio Supreme Court dismissed the Petition *sua sponte* on September 2, 2025. *Id.* at Ex. 40.

The Petition in this Court was filed by counsel on February 9, 2026 (ECF No. 1). It does not comply with the requirements of Rule 2 of the Rules Governing 2254 Cases, perhaps because Petitioner believes the case is properly brought under 28 U.S.C. § 2241 for which there is no separate set of rules beyond the Federal Rules of Civil Procedure. Petitioner pleads a single claim for relief as follows:

> **Ground One:** Upon the Expiration of his Certificate of Parole, Petitioner was entitled to release from custody, and Continued Incarceration Violates his Right to Due Process under the Fourteenth Amendment.
>
> **Supporting Facts:**
> 18. The Revised Code defines "Administrative release" as a termination of jurisdiction over a particular sentence or prison term by the adult parole authority for administrative convenience." R.C. 2967.01.

5

19. The adult parole authority, in its discretion, may grant an administrative release to any of the following: (1) A parole violator, release violator, or releasee serving another felony sentence in a correctional institution within or without this state for consolidation of the records or if justice would best be served. R.C. 2967.17.

20. Pursuant to this law, the Adult Parole Authority issued a Certificate of Parole Release Authorization on July 28, 2010. This was set to go into effect on July 28, 2011.

21. Pursuant to this certificate, his parole ended on July 28, 2011.

22. Petitioner was not arrested on his Richland County criminal matter until August 17, 2011. He did not receive notice of a violation until August 29, 2011.

23. The parole period for his 1990 Allen County Murder Sentence had expired.  Any action taken by the Parole Authority was unlawful and void.

24. The Petition was serving a fifteen-year-to-life sentence at Richland Correctional Institution, given inmate number A 229-946.

25. On March 7, 2012, he was sentenced to a determinate sentence. The Petitioner was returned to the institution after being found guilty and sentenced in the Richland County matter. The Department of Corrections assigned him a new inmate number.

26. The Ohio Adult Parole Authority released petitioner by virtue of giving him a new inmate number. This new number terminates the old number, thereby releasing him from his old law or indeterminate case.

27. Ohio Criminal Rule 32(A) states, "A judgment of conviction shall set forth the fact of conviction and the sentence. Multiple judgments of conviction may be addressed in one judgment entry. If the defendant is found not guilty or, for any other reason, is entitled to be discharged, the court shall render judgment accordingly. The judge shall sign the judgment, and the clerk shall enter it on the journal. A judgment is effective only when entered on the journal by the clerk." Oh R Crim Proc 32.

28. The Ohio Supreme Court found, "a court speaks only through its journal entries." *State ex rel. Worcester v. Donnellon*, 49 Ohio St.3d 117, 118, 551 N.E.2d 183 * * * (1990). Neither the parties nor a reviewing court should have to review the trial court record to

determine the court's intentions.  Rather, the entry must reflect the trial court's action in clear and succient [sic] terms.' *Infinite Sec. Solutions, L.L.C. v. Karam Properties II, Ltd.*, 143 Ohio St.3d 346, 2015-Ohio-1101, ¶ 29, 37 N.E.3d 1211." That is an important principle, for it protects Ohioans against shifting, unknowable after-the-fact rulings created ad hoc to address particular perceived exigencies without the opportunity for considered assessment and review;  it helps ensure fairness and consistency.

29. Petitioner was sentenced to eight years in prison. This journal entry does not mention the sentence being served for the Allen County matter. Once the determinate sentence is served, he is entitled to release.

30. When a prisoner's sentence has expired, he is entitled to release. *Whirl v. Kern*, 407 F.2d 781, 791 (5th Cir. 1969) (holding that "[t]here is no privilege in a jailer to keep a prisoner in jail beyond the period of his lawful sentence"). Perhaps more to the point, an incarcerated inmate has "a liberty interest in being released at the end of his term of imprisonment." *Schultz v. Egan,* 103 F. App'x 437, 440 (2d Cir. 20004); *Davis v. Hall*, 375 F.3d 703, 712-13 (8th Cir2004). This liberty interest is most often attributed to the Due Process Clause of the Fourteenth Amendment. See e.g., *Jones v. Jackson,* 203 F.3d 875, 880-81 (5th Cir. 2000*); Cannon v. Macon County,* 1 F.3d 1558, 1563 (11th Cir. 1994); *Patton v. Przybylski*, 822 F.2d 697, 701 (7th Cir. 1987); see also *Sample v. Diecks,* 885 F.2d 1099, 1108 (3d Cir. 1989) (citing *Hutto v. Finney*, 437 U.S. 678, 685, 98 S. Ct. 2565, 57 L. Ed. 2d 522 (1978)) (Eighth Amendment); *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985) (en banc) (Eighth Amendment); cf. *Foucha v. Louisiana,* 504 U.S. 71, 77, 112 S. Ct. 1780, 118 L.Ed 2d 437 (1992) ("unconstitutional for a State to continue to confine a harmless, mentally ill person"); *McNeil v. Dir., Patuxent Inst.,* 407 U.S. 245, 246, 92 S. Ct. 2083, 32 L. Ed. 2d 719 (1972) ("when his sentence expired, the State lost the power to hold him, and [] his continued detention violates his rights under the Fourteenth Amendment"). But see *Baker v. McCollan*, 443 U.S. 137,143-45, 99 S. Ct. 26889, 61 L. Ed. 2d 433 [*52] (1979) (holding that three days of admittedly improper pre-trial detention did not amount to a deprivation of liberty without due process. [sic]

31. Petitioner's sentence has ended, and he is entitled to release.

Petition, ECF 1, Page ID: 4-7.

# Analysis

**Statute of Limitations**

Respondent asserts Jackson's Petition is time-barred under the one-year statute of limitations enacted by the Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. No 104-132, 110 Stat. 1214)(the "AEDPA") and codified at 28 U.S.C. § 2244(d). That statute provides:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of —

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Noting that Petitioner does not make an assertion of timeliness in the Petition, Respondent hypothesizes that "the last possible date that Jackson could have become aware of his current habeas claims is the September 24, 2019, jail-time credit entry he claims rendered his

8

indeterminate life sentence from Allen County 'expired.'" (Return, ECF No. 6, PageID 553).  With no intervening tolling events, the statute would have expired one year later on September 5, 2020.

Petitioner responds by asserting the statute began to run on the date he filed his original state habeas corpus action raising the claims made in the Petition in the Ohio Supreme Court, September 2, 2025 (Traverse, ECF No. 7, PageID 571).

By its terms, 28 U.S.C. § 2244(d) applies "to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court."  Giving the statute its "plain meaning,"[1] it clearly applies to Petitioner, whose counsel does not suggest any other interpretation.  Because the statute applies, Petitioner must come within one of the four possible stating dates specified in the statute, but his counsel does not suggest one that would apply.

The Court accepts Respondent's interpretation.  The most generous starting date would be the date when "the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."  In this case that is the date of actual discovery, September 24, 2019.  It was on that date that Petitioner learned that Ohio authorities did not accept his argument(s) that his sentence on the murder conviction had expired before he was arrested on the Richland County charges.

Jackson's first attempt to obtain relief on the basis of this present claim was his *pro se* state habeas action in the Third District Court of Appeals filed in January 2022.  The Third Circuit denied relief and the Ohio Supreme Court decided the case on the merits.  It concluded the Third District's grant of summary judgment to the State was correct both for procedural reasons (failure to present adequate documentation) and on the merits (the various state court actions did not have

---

[1] The undersigned remains skeptical of the "plain meaning rule." See Merz, "The Meaninglessness of the Plain Meaning Rule," 4 Univ. Dayton L. Rev. 31 (1979).

the legal significance Jackson attributed to them). *State ex rel Jackson, supra.*

There is, so far as this Court is advised, no statute of limitations on Ohio state court habeas actions, so there was no timeliness concern regarding Jackson's *pro se* habeas action. The same is true of his second such action, filed by counsel which produced no opinion from the Ohio Supreme Court. However, calculating the federal statute as running from when Jackson knew of the "vital facts" supporting his claim, the federal statute expired September 14, 2020. While collateral attacks on a judgment can pause the statute under §2444(d)(2), they do not re-start it. Reading the statute as Respondent interprets it, it expired September 19, 2020; Petitioner's filing of this action almost five years later is untimely.

Conversely, Petitioner's counsel gives no basis for reading the statute as running from the filing date of the second state habeas case, September 2, 2025. No reasoning or precedent is offered to support choice of that date; it is mere conclusory assertion which the Court rejects. The Petition should be dismissed as time-barred.

**Merits**

It is certainly true that it is a denial of due process of law to imprison a person beyond the maximum time allowed by statute or the maximum amount of time authorized under that statute by state court judgments. But the question of interpreting those statutes and judgments is, at least in the first instance, a question of state law.

In this case the Ohio Supreme Court, the ultimate authority on Ohio law, has interpreted the actions of the Ohio authorities inconsistently with Jackson's claims and found that he is properly incarcerated to serve out his life sentence for murder.

Acknowledging that a federal habeas court must defer to a state court decision on the merits, Petitioner asserts there is no such decision: "Here, the court entered a decision without addressing the federal claim. They said they would not entertain the writ. There was no mention of the due process claim or that this was a federal matter requiring discussion of the Due Process Clause." Counsel does not reference which Ohio Supreme Court decision he is referencing. While the Ohio Supreme Court refused summarily to consider Jackson's second petition, it decided on the merits his appeal from the Third District's denial of his first such petition raising the issues presented here. If the underlying due process proposition is that a State may not confine a person longer than authorized by the committing judgments, the Ohio Supreme Court certainly decided that Jackson was not being thus confined.

The Magistrate Judge agrees with Petitioner that his Due Process claim is cognizable, but recommends that the Petition be dismissed because the Ohio Supreme Court's decision that Jackson was lawfully imprisoned under Ohio law is entitled to deference. Federal courts do not sit as courts of appeal from state court decisions on questions of state law.

**Conclusion**

Based on the foregoing analysis, the Magistrate Judge respectfully recommends the Petition be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, it is also recommended that Petitioner be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not

11

be permitted to proceed *in forma pauperis*.

June 25, 2026.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.