**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI**

GREG JACKSON,

                                Petitioner,        :         Case No. 1:26-cv-00140

       - vs -                                                District Judge Matthew W. McFarland
                                                             Magistrate Judge Michael R. Merz

 WARDEN,
  Warren Correctional Institution,

                                                   :
                                Respondent.

---

## SUPPLEMENTAL REPORT AND RECOMMENDATIONS

---

This habeas corpus case, brought by Petitioner Greg Jackson with the assistance of counsel, is before the Court on recommittal for reconsideration of the Magistrate Judge's recommendation of dismissal (R&R, ECF No. 9) in light of Petitioner's Objections (ECF No. 11).

Petitioner, through counsel, expressly brought this action under 28 U.S.C. § 2241. He is currently imprisoned on his life sentence for murder imposed in Allen County. While he was released on parole for that conviction, he was convicted on new felony charges in Richland County and imprisoned for eight years.  His theory is that the new sentence was, by operation of law concurrent with the old sentence, and so he should have been released entirely when that Richland County definite sentence ended.  The Ohio Supreme Court rejected that theory on the merits the first time it was presented to them by Petitioner in a state habeas action on appeal of right from a decision in the Third District Court of Appeals. *State, ex rel Jackson v. Watson*, 172 Ohio St.3d 380 (Feb. 14, 2023).

1

**Statute of Limitations**

The Report recommends upholding the Respondent's claim that the Petition is time-barred. The statute of limitations enacted at 28 U.S.C. § 2244 begins the running of the one-year statute from the latest of four dates. The Report calculated the latest possible date of those four as September 24, 2019, when Petitioner learned that the Ohio authorities did not share his interpretation of time for the two convictions. That would make the expiration date September 25, 2020.[1] The instant Petition was not filed until February 9, 2026.

In his Objections Petitioner takes no issue with September 24, 2019, as a start date under § 2244(d). Instead, he asserts § 2244(d) should not apply to habeas petitions made under 28 U.S.C. § 2241. He cites authority for the proposition that § 2244(d) does not apply to federal prisoners filing under § 2241 and says the same rule should apply to state prisoners.

However, the express language of 28 U.S.C. § 2244(d) is that applies "to an application for a writ of habeas corpus by a person in custody pursuant to the judgment **of a State court**." We have no warrant for ignoring that express statement by Congress.

**Merits**

While it is certainly correct that a person has a strong liberty interest in not being imprisoned beyond the term of any lawful sentence, the Ohio Third District Court of Appeals rejected Petitioner's claim that he was being so held and the Ohio Supreme Court affirmed that decision in a written opinion, as outlined in the Report. The Report then concluded the Ohio courts' decisions

---

[1] A typographical error in the Report has this as September 5, 2020.

2

were entitled to deference under 28 U.S.C. § 2254.

Petitioner objects that there was no Ohio court decision on his constitutional claim. (Objections, ECF No. 11, PageID 601). However, his *pro se* Petition for Habeas Corpus in the Common Pleas Court alleges that the State "falsely imprisoned Petitioner, denied him Equal Protection of the Law and violated his Constitutional Right to Procedural Due Process." (Petition, State Court Record, ECF No. 5, Ex. 17, PageID 201). See also claim made under United States Constitution at ¶ 41 of the same Petition. Procedural due process, double jeopardy, and equal protection are again named in ¶ 63.

Instead of appealing, Petitioner filed a habeas petition directly in the Third District. That court found his claims were barred by *res judicata* because of the Marion County judgment, but it also found "Petitioner's maximum sentence has not expired." (Judgment Entry, State Court Record ECF No. 5, Ex. 33, PageID 397). Because he had initiated his case in the court of appeals, he had an appeal of right to the Ohio Supreme Court. That court expressly rejected Petitioner's theory that his sentence had expired. *State ex rel. Jackson v. Watson*, 172 Ohio St.3d 380 (2023)(copy at State Court Record, ECF No. 5, Ex. 38).

Thus the Ohio courts at every level have rejected on the merits Petitioner's claim that his sentence has expired. After he acquired counsel, Petitioner filed a second state habeas petition in the Ohio Supreme Court (State Court Record, ECF No. 5, Ex. 39). This time the Ohio Supreme Court dismissed the case summarily. *Id.* at Ex. 40. But nothing in the Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. No 104-132, 110 Stat. 1214)(the "AEDPA") requires that a state Supreme Court must make the same merits decision twice in order to be entitled to deference.

Aside from the question of deference, the claim has no merit. Without doubt the Fourteenth Amendment prevents imprisoning a person beyond the end of a lawful sentence. In this case, all

3

of the Ohio courts to consider the sentence agree that it has not expired.  That is a question of Ohio law.  We have no better tools than the Ohio courts for deciding what Ohio commitment and parole papers mean.  This Court should accept the determination of the Ohio courts that Petitioner is still lawfully imprisoned on his life sentence for murder.

**Conclusion**

Based on the foregoing analysis, the Magistrate Judge adheres to his prior recommendation that the Petition should be dismissed with prejudice.  Because reasonable jurists would not disagree with this conclusion, it is also recommended that Petitioner be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

July 10, 2026.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.