**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION – CINCINNATI**

| | | |
|---|---|---|
| GREG JACKSON, | : | |
| | : | Case No. 1:26-cv-140 |
| Petitioner, | : | |
| | : | Judge Matthew W. McFarland |
| v. | : | Magistrate Judge Michael R. Merz |
| | : | |
| WARDEN, Warren Correctional Institution, | : | |
| | : | |
| Respondent. | : | |

---

**ENTRY AND ORDER ADOPTING REPORTS AND RECOMMENDATIONS (Docs. 9, 13)**

---

This matter is before the Court upon the Report and Recommendations (Doc. 9) and Supplemental Report and Recommendations (Doc. 13) of United States Magistrate Judge Michael R. Merz, to whom this case is referred pursuant to 28 U.S.C. § 636(b). The Reports recommend that the Petition be dismissed with prejudice. (*See* Docs. 9, 13.) Petitioner filed Objections to both Reports. (Docs. 11, 14.) Thus, the matter is ripe for the Court's review.

As required by 28 U.S.C. § 636(b) and Federal Rule of Civil Procedure 72(b), the Court has completed a *de novo* review of the record in this case. Upon review, the Court agrees with the thorough analysis contained in the Reports. The Court finds that Petitioner's Objections have been fully addressed and adjudicated in the Reports. Nonetheless, the Court will address Petitioner's Objections to ensure a clear statement of the basis for the Court's findings.

## BACKGROUND

The facts underlying this habeas corpus case begin with Petitioner Greg Jackson's murder conviction in Allen County, Ohio, in 1990 ("Allen County conviction"). (Report, Doc. 9, Pg. ID 579.) In 2010, Petitioner was paroled, but then arrested a year later on felony charges, so his parole was revoked and he returned to state custody. (*Id.*) This second arrest led to three convictions: two counts of having weapons under a disability and one count of possession of heroin. (*Id.*) Petitioner appealed to the Ohio Fifth District Court of Appeals, pleading five assignments of error; the Fifth District affirmed his conviction. (*Id.*) On March 27, 2013, the Ohio Supreme Court declined to exercise jurisdiction over a further appeal. (*Id.*)

In December 2022, Petitioner filed a motion for delayed appeal of the Allen County conviction in the Third District Court of Appeals, but the Third District denied the motion. (Report, Doc. 9, Pg. ID 579.) Additionally, in January 2022, Petitioner filed a petition for writ of habeas corpus in the Ohio Third District Court of Appeals, but that Court again denied him relief. (*Id.*) Petitioner sought appeal in the Ohio Supreme Court, but the Ohio Supreme Court affirmed the decision. (*Id.*) Petitioner then retained counsel and filed a new habeas corpus action in the Ohio Supreme Court in July 2025, but, again, the Ohio Supreme Court denied him relief and dismissed the petition. (*Id.* at Pg. ID 582.) Petitioner then filed the present habeas action in this Court on February 9, 2026. (*Id.*) As grounds for his Petition, Petitioner states that, upon expiration of his certificate of parole, he was entitled to release from custody, and his continued incarceration violates his right to due process under the Fourteenth Amendment. (Petition, Doc. 1, Pg. ID 4.)

## LAW AND ANALYSIS

In the initial Report, Magistrate Judge Merz concluded that the Petition is time-barred, as 28 U.S.C. § 2244(d) provides for a one-year statute of limitations on a writ of habeas corpus filed by a person in custody pursuant to the judgment of a state court. (Report, Doc. 9, Pg. ID 586; *see also* 28 U.S.C. § 2244(d)(1).) As the Report notes, the "most generous starting date" for the tolling of Petitioner's claim would be "the date when the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." Here, this date is September 24, 2019, when Petitioner learned that Ohio authorities did not accept his argument that his sentence on the murder conviction had expired before he was arrested on the new charges. (*Id.*)

Petitioner objects to this finding by arguing that he may seek habeas relief pursuant to 28 U.S.C. § 2241, which the Seventh Circuit has found contains no statute of limitations for federal prisoners. (Objections, Doc. 11, Pg. ID 601.) Petitioner then states that "this should apply to state prisoners as well." (*Id.*) The Magistrate Judge addresses this argument in the Second Report, noting first that Petitioner "takes no issue with September 24, 2019, as a start date under § 2244(d)," but merely believes that the statute "should not apply to habeas petitions made under 28 U.S.C. § 2241." (Second Report, Doc. 13, Pg. ID 606.) Importantly, the Second Report points out that Petitioner cites authority only for the proposition that the statute of limitations does not apply to federal prisoners. (*Id.*) The Supplemental Report, though, reiterates that the express language of § 2244(d) plainly states that it applies to "an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a **State court**." (*Id.*) Thus, the Court has "no warrant

for ignoring that express statement by Congress." In the Objections to the Supplemental Report, Petitioner reiterates that the lack of statute of limitations for federal prisoners seeking habeas relief under § 2241 should apply to state prisoners as well. (Objections, Doc. 14, Pg. ID 611.) And, he states that because he challenges the validity of his judgment as a § 2241 habeas claim, the one-year statute of limitations should not apply. (*Id.*)

The Court, however, agrees with the findings in the Reports. First, the Court notes that, regardless of whether the Petition is brought under § 2241 or § 2254, Petitioner is "subject to the restrictions imposed by § 2254." *Allen v. White,* 185 F. App'x 487, 490 (6th Cir. 2006) (citing *Greene v. Tenn. Dep't of Corr.*, 265 F.3d 369, 371 (6th Cir. 2001). And, one of those restrictions is the one-year statute of limitations. *Id.* The plain language of § 2244(d) states that a one-year statute of limitations applies to habeas petitions brought by individuals detained pursuant to the judgment of a state court. *See* 28 U.S.C. § 2244(d). While no statute of limitations exists for federal prisoners seeking the same relief, *see Wooten v. Cauley*, 677 F.3d 303 (6th Cir. 2012), Petitioner cannot point to any binding authority extending that same principle to state prisoners. Indeed, no such authority exists. Rather, the Sixth Circuit is clear that "[t]he most natural reading of the statute is that the one-year statute of limitations [...] governs the timeliness" of a habeas petition brought by a state prisoner. *Allen*, 185 F. App'x at 491. As Petitioner does not challenge the tolling date of September 24, 2019, the Court finds that the statute of limitations bars his claim.

* * *

One final matter remains. The Report, Supplemental Report, and Objections also address, albeit briefly, the merits of the Petition. (*See* Docs. 9, 11, 13, 14.) However, as the statute of limitations clearly precludes Petitioner's claim for habeas relief, the Court finds it improper to address the merits. *See Gunnett v. Wood*, No. 2:08-CV-14, 2008 WL 3539767, at *2 (W.D. Mich. Aug. 12, 2008).

## CONCLUSION

Accordingly, the Court **OVERRULES** Petitioner's Objections (Docs. 11, 14) and **ADOPTS** both the Report and Recommendations (Doc. 9) and Supplemental Report and Recommendations (Doc. 13) in their entirety. The Court therefore **ORDERS** the following:

(1) The Petition for Writ of Habeas Corpus (Doc. 1) is **DISMISSED WITH PREJUDICE**;

(2) The Court **CERTIFIES** pursuant to 28 U.S.C. § 1915(a)(3) that, for the reasons discussed above, an appeal of any Order adopting these Reports would not be taken in good faith, and therefore, deny Plaintiff leave to appeal in forma pauperis. *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997); and

(3) This case is **TERMINATED** from the Court's docket.

**IT IS SO ORDERED.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

By: Matthew W. McFarland
JUDGE MATTHEW W. McFARLAND